### No. 474
### STATE ex v. COLUMBUS PACKING CO.

Common Pleas Court, Franklin Co.

No. 80457. Decided March, 1925.

681. JURISDICTION—Where State on the relation of prosecuting attorney in an action under "Cold Storage Act", has property seized and sold, and subsequently it developes court has no jurisdiction, state is liable for damages covering loss sustained by party whose property was wrongfully seized and sold.

KINKEAD, J.

This action was brought by the state in the relation of Hugo Schlesinger, the prosecuting attorney, alleging a violation of the Anti-Trust Law 6400 GC, on part of the Columbus Packing Co. A receiver was appointed, and without full trial and judgment upon merits of the case, the company's property was seized. The amount realized by receiver from such sale was $29,890.45. The Common Pleas Court held:

1. The settled doctrine is that one has a right of action against those who wrongfully and unlawfully procure the appointment of a receiver, which results in an unlawful seizure of, and deprivation of his property. Having no right to a receiver the State is of course liable to the company for all the consequences of having one appointed.

2. The Storage of pork loins for a period of more than six months under cold storage act (Sec. 1155-1 to 1155-19) was not a violation of Sec 13 of the act. Columbus Packing Co. v. State 106 OS. 469.

3. The esizure and sale of these pork loins by receiver on order of court deprived the company of the "due process of law."

4. Trial court was without jurisdiction to seize and sell pork by receiver appointed. The Packing Co. has a claim against the State for the market price of the pork sold and interest thereon.

Attornys—John R. King, Pros. Atty., Joseph A. Goodwin, for State; Oscar W. Newman, T. S. Hogan, for Receiver; Bennett, Westfall & Bennett, for Packing Co.; Fred C. Rector, for Creamery Co.; all of Columbus.

## Weekly Report of
## NEW CASES DOCKETED

Am. Mortgage Co. v. Rosenbaum.......19126
Criterion Clothing Co. v. Clark..........19120
Gensler v. Babcock ...................19122
Knriecik v. Koryta ....................19124
Knote v. Leisch ........................19127
Menefee v. State ......................19121
State ex. v. Brown, Sec'y...............19123
State ex. v. Bd. of Education...........19125
Urgmore Co. v. Chapman ..............19119

### MAY 6, 1925

19119—J. A. Wigmore Co. v. Wilkie W. Chapman. Cuyahoga Appeals motion to certify. Snyder, Henry, Thomsen, Ford & Seagrave, Cleveland, for pltf; W. J. Hamilton, Cleveland, for deft.

19120—Criterion Clothing Co. v. Marvin C. Clark et al. Scioto Appeals motion to certify. Bannon & Bannon, Portsmouth, for pltf; B. F. Kimble, Portsmouth, for deft.

19121—Harry Menefee v. State of Ohio; motion to file pet. err. to Hamilton Appeals. Hogan, Hogan, Hogan & Hogan, Columbus, for pltf.

### MAY 8, 1925

19122—Frank Gensler v. H. H. Babcock, an infant. Lucas Appeals motion to certify. M. C. McEnerny, Toledo, for pltf; K. A. Flickinger, Toledo, for deft.

19123—State ex rel H. H. Barney v. Thad. H. Brown, Secy. of State. In Mandamus. Hogan, Hogan, Hogan & Hogan, J. A. Staker, Franklin Furnace, Columbus, pltf.; C. C. Crabbe, Atty. Gen., Columbus, for deft.

19124—Tekla Kimiecik v. Anthony Koryta et al; motion to certify Cuyahoga Appeals. F. J. Kmiecik, C. V. Hull, Cleveland, for pltf; C. F. Slinter, Geo. Perry, Cleveland, for deft.

19125—State ex rel C R Keener v. Board of Ed; motion to certify Ashland Appeals. Critchfield & Etling, Wooster, for pltf; C. C. Sherick, H. E. Culbertson, Ashland, for deft.

### MAY 10, 1925

19126—American Mortgage Co. v. David N. Rosenbaum; motion to certify Hamilton Appeals. Ritchie, Herman & Ritchie, Cincinnati, for pltf; D. N. Rosenbaum and Leo Weinberger, Cincinnati, for deft.

19127—Henry Knote v. F. W. Leich, motion to certify Crawford Appeals. Gallinger & McCarron, Bucyrus, for pltf.

## Abstracts of Last Week's
## SUPREME COURT OPINIONS

### SYLLABUS

661. INTOXICATING LIQUORS — Fines and forfeited bond moneys not to be expended by councils for hiring attorneys or detectives.